RECORD NO. 15-1385

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

DEL WEBB COMMUNITIES, INC;
PULTEGROUP, INC.,

*Plaintiff-Appellant,*

v.

ROGER F. CARLSON;
MARY JO CARLSON,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT BEAUFORT

---

## RESPONSE BRIEF OF APPELLEES

---

William Jefferson Leath, Jr.
Michael S. Seekings
LEATH, BOUCH & SEEKINGS, LLP
92 Broad Street
Charleston, SC 29401
(843) 513-1071

Phillip W. Segui, Jr.
Amanda Morgan Blundy
SEGUI LAW FIRM, PC
864 Lowcountry Blvd., Suite A
Mount Pleasant, SC 29465
(843) 884-1865

*Counsel for Appellees*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. <u>15-1385</u>      Caption: <u>Del Webb Communities, Inc.; Pulte Group Inc.</u>
                         <u>v. Roger F. Carlson; Mary Joe Carlson</u>
Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>Roger F. Carlson and Mary Joe Carlson</u>
(name of party/amicus)


who is <u>     Appellees     </u>, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.   Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☒ NO

2.   Does party/amicus have any parent corporations?                             ☐ YES ☒ NO
     If yes, identify all parent corporations, including grandparent and great-grandparent
     corporations:


3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
     other publicly held entity?                                                 ☐ YES ☒ NO
     If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☒ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☒ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐ YES ☒ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: ___W. Jefferson Leath___          Date: _4-16-2015_

Counsel for: _Defendant - Appellees_

## CERTIFICATE OF SERVICE
****************************

I certify that on _April 16 201_ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

A. Victor Rawl., Jr., Esq.          Celeste T. Jones, Esq.
McNair Law Firm                     McNair Law Firm
P. O. Box 1431                      P. O. Box 11390
Charleston, SC  29402               Columbia, SC  29211

Henry W. Frampton, IV, Esq.
McNair Law Firm
P. O. Box 1431
Charleston, SC  29402

___Jefferson Leath___               _april 16 2015_
(signature)                              (date)

-2-

TABLE OF CONTENTS

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . 6

     I.     As to Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

     II.    As to Arbitration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

     I.     The Federal Arbitration Act does not Confer Jurisdiction on this
            Court and Therefore Pulte's Petition and Complaint must be
            Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     II.    The District Court did not have 28 U.S.C. §1332 Subject Matter
            Jurisdiction over the Petition and Complaint . . . . . . . . . . . . . . . . . . . 9

     III.   Pulte's Petition and Complaint Must be Dismissed Pursuant to the
            Rooker-Feldman Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

As to Pulte's Substantive Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

     I.     The Question of Class Arbitration in this Instance is for
            the Arbitrator. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

Statement of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Certificate of Compliance

Certificate of Service

i

TABLE OF AUTHORITIES

<u>CASES</u>

*A2P SMS Antitrust Litigation,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22
U.S. District Court, S.D. New York
12-CV-2656 (March 2, 2014)

*AT&T Mobility, LLC v Concepcion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21, 22
131 S.Ct. at 179

*Brown & Root, Inc. v Breckenridge* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18
211 F.3d 194, 198, 201 (4th Cir. 2000)

*Ciago v Ameriquest Mortg.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . .23, 24
254 Co. 295 F.Supp 2d 324 (S.D.N.Y. 2003)

D.*C. Court of Appeals v Feldman* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18, 19
460 U.S. 482 (1982)

D*avani v Va. DOT,* , . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
434 F.3d 712  (4th Cir. 2006)

*Davis v ECPI* Col. Of Tech., L.C.. . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 23
227 F.3d 421 (4th Cir. 2007).

*Employers Inc. Co. v Wausau v Century Indem. Co.* . . . . . . . . . . . . . . . . . . . 23
443 F.3d 573 (7th Cir. 2006*)*

*Friedman's, Inc. v Dunlap.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14, 16, 18
290 F.3d 191, 2002 U.S. App LEXIS 8909,
9-10 (4th Cir. 2002)

*Grant v Magnolia Manor-Greenwood, Inc.,* , . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
383 S.C. 125, 678 S.E.2d 435 (2009)

*Green Tree Fin. Corp v Bazzle,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21, 22, 23
539 U.S. 444 (2003)

*Hankins v CarMax, Inc.*, , . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
2012 U.S. Dist. LEXIS 4612, 2012 WL 113824 (D. Md. Jan. 13,2012)

*Home Buyers Warranty Corp. v Hanna*. . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . .9
705 F, 3rd 427 (4th Cir. 2014)

*Karen Howsam v Dean Witter Reynolds, Inc.* ..,. . . . . . . . . . . . . . . . . . . . . . 21, 22
537 U.S. 79 (2002)

*Michael Lovern v Mark A. Edwards* . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . 9, 10
190 F.3d 648 (4th Cir. 1999)

*Minor v Prudential Securities, Inc.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .11
94 F.3d 1103 (7th Cir. 1996)

*Moses H. Cone Mem'l Hosp. v Mercury Constr. Corp.*, . . . . . . . . . . . . . . . . . 8, 22
460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)

*New York v Seneci*,. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . 18
817 F.2d 1015, (2d Cir. 1987*)*

*Opalinskiv Robert Half International, Inc.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
761 F.3d 326 (3d Cir. 2014), cert denied, U.S. 135 S.Ct. 1530 (2015)

*Planet Beach Franchising Corp. v Randy Richey*
623 F.Supp 2d 735 (2008). . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . 22

*Reed Elsevier, Inc. v Crockett*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22
734 F.3d 594 (6th Cir. 2013) cert denied. U.S. 134 S.Ct. 2291 (2014)

*Rooker v. Fidelity Trust Co*. . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
263 U.S. 413 (1923)

*Sasser v Administrator, United States EPA*,. . . . . . . . . . . . . . . . . . . . . . . . . . . 6
990 F.2d 127 (4th Cir. 1993)

*Simpson v Camper*,. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
974 F.2d 1030 *(*8th Cir. 1992*)*

*Sonic Auto, Inc. v Price.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...8, 11
2011 U.S. Dist LEXIS 90359, 13-14, 2011 WL 3564884 9W.D.N.C.
(Aug.12, 2011)

*Southland Corp. v Keating.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
465 U.S. 1, 104 S. Ct.852, 74 L. Ed. 2d 1 (1984)

*Stolt-Nielsen S.A. v Animal Feeds Int'l Corp.* . . . .. . . . . . . . . . . . . . . . . . . . . .21
559 U.S. 662 (2010)

*Sutter v Oxford Health Plan, LLC,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
675 F.3d 215 (3rd Cir.2012)

*Toler's Cove Homeowners Ass'n, Inc. v Trident Const. Co., Inc.,* . . . . . . . . . . . .20
355 S.C. 605, 586 S.E.2d 581 (2003)

*Towles v United Healthcare Corp.,* , . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
328 S.C.29, 524 S.E.2d 839 (Ct. App. 1999)

*Vilches v The Travelers Companies, Inc.,.* . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . .21
413 Fed. Appx. 487 (3rd Cir. 2011)

*Washington v Wilmore,.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
407 F.3d 274 (4th Cir. 2005)

*Zabinski v Bright Acres Assocs.,* , . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . 20
346 S.C. 580, S.E.2d 110 (2001)

## STATUTES

Federal Arbitration Act, 9 U.S.C.§4, et seq.,. . . . . . . . . . . . . . . . . . . . .  1, 11

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

28 U.S.C. §1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . 9, 11, 12, 13

28 U.S.C. §1332(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . 1, 12

28 U.S.C. §1332(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

iv

28 U.S.C. §2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

S.C. Code Ann. §15-53-10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . 3, 11, 12

## JURISDICTIONAL STATEMENT

The District Court, and therefore this court, has no subject matter jurisdiction over this matter and it must be dismissed as a matter of law. The "action" was commenced by the filing of a *Petition and Complaint to Compel Bilateral Arbitration*. CA No. 9-14-cv-1877-SB. (JA1) ("Petition") No Summons was filed or served. The pleading is an attempt to move a state court case that is currently pending before the American Arbitration Association ("AAA") to Federal Court for the sole purpose of obtaining an advisory opinion. Pulte's District Court filing seeks relief under the Federal Arbitraction Act (hereinafter referred to as "FAA"), which absent an underlying basis for jurisdiction, cannot serve as a vehicle to confer  jurisdiction on the Federal Courts, *9 U.S.C.§4.* The underlying state court action styled *Del Webb Communities, Inc. and Pultegroup, Inc. v Roger F. Carlson and Mary Jo Carlson, CA No. 9:14-cv-01877-SB*, has been pending for six (6) years. (JA42)  For purposes of evaluating jurisdiction in the federal courts, this court must look to the state court case. The parties in that case are not diverse. There is no amount in controversy and therefore there is no subject matter jurisdiction pursuant to *28 U.S.C. §1332(b).* Finally, there is no independent basis for jurisdiction pursuant to *28 U.S.C. §1332(d).* The underlying state court case has been plead as a class action. All of the plaintiffs in the proposed class own property in South Carolina and the vast majority are residents

1

of South Carolina. The principal injuries, in fact all of the injuries, occurred in South Carolina and more than three (3) years has elapsed since the filing of the underlying state court case.

## STATEMENT OF THE ISSUES

1. Whether the district court had subject matter jurisdiction over Pulte's Petition and Complaint to Compel Bilateral Arbitration.

2. Whether the district court properly dismissed Pulte's Petition pursuant to Pulte's own stipulation, directing the matter to binding arbitration, which is ongoing.

## STATEMENT OF THE CASE

This case stems from an underlying and ongoing state court dispute over the construction of houses in Sun City located in Bluffton, South Carolina. That dispute is now before a single arbitrator appointed by the AAA. The district court dismissed Pulte's action and ruled that it was subject to binding arbitration. (JA198)

On March 12, 2002, Pulte and the Carlsons entered in to a sales agreement for the purchase of a lot and construction of a home. The contract between the parties included the following arbitration clause:

After Closing, every controversy or claim arising out of or relating

2

to this Agreement, or the breach thereof shall be settled by binding arbitration as provided by the South Carolina Uniform Arbitration Act… The rules of the American Arbitration Association (AAA), published for construction industry shall govern the arbitration proceeding and the method of Appointment of the arbitrator.  (JA<u>15</u>)

Pulte drafted the Carlson purchase contract which includes a forum selection clause (the American Arbitration Association) and a choice of law provision (the South Carolina Arbitration Act S.C. Code Ann. §15-53-10).  The Carlsons brought their initial action against Del Pulte ("Pulte") nearly six (6) years ago in September of 2008.  In 2010, the Carlsons successfully moved the state court to allow them to proceed as a class.  By way of a second amended complaint, the class was expanded to include all residents in Sun City who, like the Carlsons, have stucco clad homes purchased from Pulte. (JA<u>58</u>)

Pursuant to the Arbitration Clause, Pulte moved to compel arbitration of the Carlson suit, which motion was denied by Circuit Judge Michael Baxley.  Pulte appealed.  On June 12, 2013, the South Carolina Court of Appeals handed down its decision reversing Judge Baxley's denial of Pulte's Motion to Compel Arbitration. On the first page of the opinion, the Court of Appeals cites the applicable forum (selected by Pulte) as the American Arbitration Association, and additionally cites the choice of law clause (again selected by Pulte) as the South Carolina Uniform Arbitration Act. (S.C. Code Ann. §15-53-10) (Carlson v Del Webb Communities and Pulte Homes, Inc. 2011-202907, S.C. Ct.App. dated June 12, 2013)   The

matter then proceeded to arbitration, where it is now pending before the American Arbitration Association.

On March 7, 2014, the Carlsons filed their demand for arbitration with the American Arbitration Association ("AAA"), seeking to bring claims on behalf of themselves and all "individuals, corporations, partnerships, unincorporated associates or entities that currently own stucco clad homes in Sun City, Bluffton, and are direct purchase from Pulte and thus are parties to the sales contracts containing arbitration clauses." Pulte asserted that this proposed class definition is substantially broader than the limited definition added to the state court amended complaint. On May 6, 2014, counsel for all parties attended a conference call with the AAA Manager and agreed to have until May 13, 2014, to file a response to the arbitration demand. During the call the Manager told the parties that, upon selection of the arbitrator, the first phase of the proceedings would involve the arbitrator determining whether the arbitration agreement permits class-wide arbitration. (JA 198)

On May 9, 2014, following the conference with the arbitrator, Pulte filed this action asserting that the Court, and not the arbitrator, should decide whether the arbitration agreement permits class-wide arbitration. Pulte requested that the AAA stay the action until the District Court determined whether class-wide arbitration is authorized. The Carlsons opposed the stay, and the AAA denied the request on the

4

grounds that arbitration would only be stayed by agreement of the parties or by Court order. (JA <u>198</u>)

On May 13, 2014, Pulte filed a motion for preliminary injunction seeking to prevent the Carlsons from proceeding with arbitration until the District Court determined whether the arbitration agreement authorized class-wide arbitration. The Carlsons opposed the motion, and on May 15, 2014, they filed a motion to dismiss, asserting that the District Court lacked jurisdiction and that the abstention doctrines mandated that the Court not intervene in this matter.  On July 8, 2014, the District Court denied Del Webb's motion to enjoin arbitration, and also denied the Carlsons' motion to dismiss.  (Supp JA <u>227</u>)  On July 28, 2014, the Carlsons appealed this Court's order denying the motion to dismiss, and on October 17, 2014, the Fourth Circuit dismissed the appeal for want of appellate jurisdiction (Dkt. <u>22</u>).

On December 22nd, 2014, the arbitrator issued the first, in what will be a series of rulings, finding that "the arbitration agreement of the parties…includes class arbitration." (Supp JA <u>234</u>)  On March 25, 2015, the District Court denied Pulte's Motion for Partial Summary Judgment, dismissed the action, and compelled the matter to binding arbitration. (JA <u>198</u>)  The District Court noted that the question of the scope of the arbitration was a matter for the arbitrator and

therefore, pursuant to Pulte's own stipulation, the federal court proceeding must be dismissed. (JA 121)  This appeal followed.

## STANDARD OF REVIEW

A challenge to this Court's subject matter jurisdiction may be raised at any time. *Sasser v Administrator, United States EPA,* 990 F.2d 127 (4th Cir. 1993)*.* The Carlsons asserted lack of subject matter jurisdiction before the District Court (JA 111) and raise it here as Pulte's Petition brings no claims that arise under federal law.

Should this Court reach the issue of the scope of the arbitration and the District Court's dismissal of Pulte's Petition, this Court reviews the District Court's conclusions of law *de novo* and its factual findings for clear error.  *Sutter v Oxford Health Plan, LLC*, 675 F.3d 215 (3rd Cir.2012)

## SUMMARY OF THE ARGUMENT

### As to Subject Matter Jurisdiction

There is no subject matter jurisdiction over this matter in the federal courts. The case is currently in arbitration.  It was originally filed in state court.  The parties to the underlying state court action are not diverse.  By its Petition, Pulte sought declaratory relief from the District Court under the Federal Arbitration Act

("FAA"). The FAA, by its terms, cannot serve as the basis for establishing federal jurisdiction. Moreover, there is no amount in controversy as Pulte seeks only to compel this matter to bilateral arbitration. Similarly, CAFA is inapplicable to this dispute. *28 USC§1332(d).* Finally, even if there were some basis for jurisdiction, the *Rooker Feldman* doctrine mandates abstention, as a District Court may not consider issues actually presented to and decided by a state court. The issue here, arbitration of this matter, has been decided by the courts of South Carolina, and the arbitration is ongoing.

### As to Arbitration

By its federal court pleading, Pulte seeks nothing more than an advisory opinion from the District Court on the scope of a contractual arbitration agreement. This is simply a question for the arbitrator.

The actual dispute between Pulte and the Carlson class is currently in arbitration. The arbitrator has issued his first ruling (Supp JA <u>234</u>), finding that the case shall proceed, in arbitration, as a class action. No class has yet been certified. To the extent it exists, the case in controversy is not a challenge to the enforceability of an arbitration agreement, but rather to the scope of the arbitration. It was Pulte who drafted and sought enforcement of an arbitration clause which states that "every controversy or claim arising out of" the Agreement shall be settled by binding arbitration. (JA<u>15</u>) The Agreement specifically references South

Carolina law.  At the time Pulte sought to enforce the Agreement (and did so successfully) the *Carlson* case had been pled as a class action.  The question of what kind of arbitration proceedings result from the arbitration clause is not an issue for this court to decide, and therefore Pulte's petition was properly dismissed, the District Court correctly compelled this case to arbitration and this court must affirm.

## ARGUMENT

## AS TO JURISDICTION

### THE FEDERAL ARBITRATION ACT DOES NOT CONFER JURISDICTION ON THIS COURT AND THEREFORE, PULTE'S PETITION AND COMPLAINT MUST BE DISMISSED.

Pulte's Petition and Complaint must be dismissed for lack of subject matter jurisdiction.  The Federal Arbitration Act ("FAA") does not confer jurisdiction on this Court, absent independent grounds for such jurisdiction.  "It is well established… that the FAA is 'something of an anomaly in the field of federal court jurisdiction.'" *Sonic Auto., Inc. v. Price,* 2011 U.S. Dist. LEXIS 90359, 13-14, 2011 WL 3564884 (W.D.N.C. Aug. 12, 2011) citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S.1,25 n.32, 103 S.Ct. 927, 74L. Ed. 2d 765 (1983).  The FAA does not create any independent federal question jurisdiction.  See also *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L. Ed. 2d 1 (1984) ("While the [FAA] creates federal substantive law requiring the parties to

honor arbitration agreements, it does not create any independent federal question jurisdiction under 28 U.S.C. §1331 or otherwise.")

Here, there is no question about whether the case should be arbitrated, and therefore no action to compel either party to arbitration is (or was) presented for consideration or review. That question has been finally decided by the South Carolina Court of Appeals, which court found that the parties agreed to arbitrate and that the arbitrator is to decide the dispute. Clearly, the FAA does not apply. But even if it did, Pulte cannot establish jurisdiction through the FAA alone. As this court has stated, "it is well established that §4 does not create federal jurisdiction, but applies only when "diversity of citizenship or some other independent bases for federal jurisdiction exists" *Home Buyers Warranty Corp. v. Hanna, 750 F.3$^d$ 427, 432-433, (4th Cir.2014).* As is shown below, there is no independent basis for jurisdiction over Pulte's petition. All Pulte seeks in the federal courts is a declaration relating to an arbitration in an underlying state court case. None of the elements exist to create a federal question. Because the FAA does not and cannot create jurisdiction, Pulte's appeal should be dismissed and this matter compelled to Arbitration.

## THE DISTRICT COURT DID NOT HAVE 28 U.S.C. § 1332 SUBJECT MATTER JURISDICTION OVER THE PETITION AND COMPLAINT

The burden of establishing subject matter jurisdiction falls on Pulte, as it is the party seeking to invoke that jurisdiction. *Lovern v Edwards,* 190 F.3d 648 (4th

Cir. 1999). Pulte has not met and cannot meet the burden of establishing the requisite jurisdictional amount. That is because it seeks a declaration. An advisory opinion. Nowhere does Pulte ask for money damages. In its petition, Pulte asked the District Court to issue a declaration about the scope of an arbitration yet relies on the underlying claim of the Carlsons in its attempt to create a diverse process that will withstand judicial scrutiny. Pulte claims a sum in controversy in excess of $75,000. However, that amount is for the underlying construction defect claim that is already in arbitration and was not part of the dispute before the District Court.[1] In fact, Pulte is only asking the Federal Court to answer a question of procedure, there is no monetary amount connected to its claim. Pulte's Petition and Complaint is simply a request for an advisory opinion by the District Court, which by its admission is the same request it makes in its Motion for Partial Summary Judgment. Pulte (the Petitioner) states:

> Petitioners filed this action seeking two rulings. First, Petitioners seek a determination that the issue of whether an arbitration agreement permits class arbitration is a threshold issue of arbitrability for the Court to decide. That question is the subject of their Motion. Second, if the Court rules that the decision is one for the Court, Petitioners seek a ruling that the arbitration agreement does not permit class-wide arbitration and arbitration may proceed on a bilateral basis only.

> *Pulte's Motion for Partial Summary Judgment, dated November 4, 2014, (JA 121).*

---

[1] Interestingly, there is nothing in the record to establish the amount of the Carlson construction and design defect claim.

10

The underlying construction defect claims made by the Carlsons do not support the basis for subject matter jurisdiction. The Fourth Circuit (as well as other circuits) has adhered to the view that that the underlying dispute is irrelevant for the purposes of subject matter jurisdiction. *Sonic Auto., Inc. v. Price,* 2011 U.S. Dist. LEXIS 90359, 2011 WL 3564884 (W.D.N.C. Aug. 12, 2011). Another district court in the Fourth Circuit observes that, '[a] strong body of caselaw has developed… holding that the nature of the underlying dispute is irrelevant for the purposes of subject matter jurisdiction…the motion itself must involve diversity or federal question jurisdiction.' *Sonic Auto., Inc. v. Price,* 2011 U.S. Dist. LEXIS 90359, 2011 WL 3564884 (W.D. N.C. Aug. 12, 2011) citing *Minor v. Prudential Securities, Inc.,* at 94 F.3d 1103(7th Cir. 1996) (emphasis in original).

## 28 U.S.C. §1332(b)

A review of Pulte's filings in the District Court clearly shows the jurisdictional defect. Pulte alleges this dispute arises under 28 U.S.C.§1332. However, the "dispute" before this Court, as stated by Pulte in its Petition, is whether class-wide arbitration is part of the arbitration agreement. Pulte's Petition includes three "causes of action"; a petition to compel bilateral arbitration under *9 U.S.C. §4*, a petition to compel bilateral arbitration under S.C. Code Ann. §15-53-10, et seq. and 28 U.S.C. §2201 et seq. and an action for a declaration under the South Carolina Declaratory Judgment statute. S.C. Code §15-

53-10 et seq.  All three of these causes of action ask the Court for the same relief, to compel "bi-lateral arbitration."  The parties are already in arbitration, State Court pursuant to a state court order and pursuant to state court rules and oversight. Why? Because Pulte compelled that arbitration in state court following the filing of a purely state court proceeding.  The scope of that arbitration does not invoke the powers of the federal judiciary to intervene.

Pulte asserts the parties are of diverse citizenship. A review of the Carlson state court caption reveals they are not. (JA 42)[2]  South Carolina State Plastering is a South Carolina Corporation.  And, it is that case that provides the case in controversy between the parties.  Coupled with Pulte's requested relief for a declaration, it is plain that the requirements of 28 U.S.C. §1332(b) are absent here. Simply put, the Petition and Complaint does not involve any amount in controversy, but only requests an interpretation of a procedural question that has already been decided by the arbitrator (Supp JA 234).  Jurisdiction cannot be founded upon 28 U.S.C.§1332.

## 28 U.S.C.§1332(d)

Moreover, Pulte cannot establish Federal Court jurisdiction under

---

[2] The caption of the state court proceeding reads as follows: *Roger F. Carlson and Mary Jo Carlson, on behalf of themselves and others similarly situated v SC State Plastering, LLC, Peter Conley, Ind., Del Webb Communities, Inc., and Pulte Homes, Inc. (JA 42)*

28 U.S.C. §1332 (d) which by its terms, found below, required the district court to

decline to exercise jurisdiction.

> (4)   A district court shall decline to exercise jurisdiction
> under paragraph (2)—
>
> (A)   (i) over a class action in which –
>
>> (I)    greater than two-thirds of the members of
>> all proposed plaintiff classes in the aggregate are
>> citizens of the State in which the action was
>> originally filed;
>> (II)   at least 1 defendant is a defendant—
>>> (aa)   from whom significant relief is sought
>>> by members of the plaintiff class;
>>> (bb)   whose alleged conduct forms a significant
>>> basis for the claims asserted by the
>>> proposed plaintiff class; and
>>> (cc)   who is a citizen of the State in which the
>>> action was originally filed; and
>> (III)  principal injuries resulting from the alleged conduct
>> or any related conduct of each defendant were
>> incurred in the State in which the action was
>> originally filed; and
>> (ii)   during the 3-year period preceding the filing
>> of that class action, no other class action
>> has been filed asserting the same or similar
>> factual allegations against any of the
>> defendants on behalf of the same or other persons;

> 28 USC §1332

All members of the Carlsons proposed class own property in the State of

South Carolina, where the action was filed.  South Carolina State Plastering, a

party to the (now dismissed) original action is a South Carolina corporation.  The

principal injuries occurred in South Carolina.  Finally, during the three year

13

preceding the filing of that class action, no other class action has been filed by the same or other persons.  (*Carlsons' Complaint filed in Beaufort County Court of Common Pleas)(JA 42)*  Based on the statutory requirements, the District Court had no jurisdiction under 28 U.S.C. §1332(d) and in fact was directed by the statute to decline jurisdiction.  This court must now dismiss for lack of subject matter jurisdiction.

## PULTE'S PETITION AND COMPLAINT MUST BE DISMISSED PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

In addition to the lack of subject matter jurisdiction, other jurisdictional defects render Pulte's pleading ineffective in the federal courts.  A district court may not consider issues actually presented to and decided by a state lower court. *Friedman's, Inc. v Dunlap,* 290 F.3d 191, 2002 U.S. App. LEXIS 8909, 9-10 (4th Cir. W. Va.2002).  Pulte moved before the state court to compel arbitration.  In Pulte's Motion to Dismiss and/or Compel Arbitration, filed with the Beaufort County Court of Common Pleas on February 14, 2011, Pulte requested the state court dismiss Carlsons' claims and order them to arbitrate.

In its Memorandum supporting the Motion to Dismiss and/or Compel Arbitration, Pulte asked the Court to compel the Carlsons to litigate all claims in arbitration and that this dispute should not be within the court system. (Dkt. 11) In fact, Pulte asserts that "(t)he scope of the present arbitration agreement covers the claims alleged by the Pulte.  The arbitration agreement specifically states that it

applies to 'every controversy or claim arising out of or relating to this Agreement, or the breach thereof…' (JA 34)

The Carlsons amended their Complaint prior to Pulte filing their Motion to Dismiss and/or Compel Arbitration, alleging class allegations.  A hearing was held on this Amendment on November 9, 2010 Judge J. Michael Baxley ordered that the Complaint was to be amended to assert class allegations. (*Order Allowing Carlsons to Amend Complaint to Assert Class Allegations) (JA 210).*  An Amended Complaint with class allegations was filed with the Beaufort County Clerk of Court.  Pulte, with full knowledge of the class claims, filed a Supplemental Memorandum in Support of Motion to Compel Arbitration and addressed the putative class action.  (*Del Webb Communities, Inc. and Pulte Homes, Inc. Supplemental Memorandum in Support of Motion to Compel Arbitration)* (Dkt. 40) Pulte acknowledged the Carlsons' added claims to expand the putative class by thousands of putative class members, yet reiterated to the state court **that arbitration should be compelled for any and all claims had by the Carlsons.**

The South Carolina Court of Appeals determined that the parties were compelled to arbitrate any and all claims.  From the filings in the state court and Pulte's admissions, the issue of whether the class claims can be arbitrated has in fact been determined by the state case.  In the Order from the South Carolina Court of Appeals, filed June 12, 2013, the Court determined that it was not just the

Carlsons' contract claims that fall under the arbitration agreement, but the Carlsons' tort claims as well. All of the Carlsons' claims were ordered to be arbitrated. (*Order from S.C. Ct. App., dated June 12, 2013)(JA 99).* Pulte did not appeal this decision, nor did it move to alter or amend the judgment. Pulte succeeded in having all of the Carlsons' claims sent to arbitration and cannot dispute this decision now by filing a contrary Petition and Complaint in the federal courts. Pulte has elected its forum and is barred from arguing otherwise. Any and all of Carlsons' claims are to be determined by the arbitrator, including whether a class is appropriate.

Pulte's petition squarely contradicts the prohibition of the D*.C. Court of Appeals v Feldman*, 460 U.S. 482 (U.S. 1982) *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (U.S. 1923) "(W)hen a party sues in federal district court to readjudicate the same issues decided in the same court proceedings, that action is in essence an attempt to obtain direct review of the state court decision…in contravention of *Rooker-Feldman." D.C. Court of Appeals v Feldman,* 460 U.S. 482 (U.S. 1982)*, Friedman's, Inc. v Dunlap,* 290 F.3d 191, 196 2992 U.S. App. LEXIS 8909, 9-10 (4th Cir. W.Va, 20020) CITING *Brown & Root*, 211 F.3d 194, 201. In *Friedman's Inc. v Dunlap,* a jewelry company, Friedman's, Inc. ("Friedman's) moved to compel Dunlap to arbitrate his state court claims against Friedman's. Friedman's also moved before the federal courts to compel arbitration under the FAA. Dunlap

16

moved to dismiss Friedman's federal court complaint, alleging the controversy failed to reach the amount in controversy threshold. Id. at 195. However, the court concluded "we need not reach the amount in controversy issue in coming to this conclusion inasmuch as another jurisdictional defect exists." Id. The Court stated that the *Rooker-Feldman* doctrine, prohibited them from reviewing decisions that had already been presented to and decided by a state court, such as in the case at bar. Id. at 196. The Court noted "In this case, Friedman's federal action seeks precisely the same relief that it sought—and received-in its motion to compel arbitration in the state court. As previously noted, Friedman's relied on the Federal Arbitration Act, at least to some extent, in its successful argument in state court. Basically, Friedman's is asking the federal courts to decide precisely the same issue already decided by a West Virginia state court." Id. at 197   The Petition was dismissed.

Here, Pulte has demanded the underlying dispute be submitted to arbitration. That arbitration is ongoing. Importantly, Pulte requested **all** claims be arbitrated and that includes the class claims of the Carlsons. Although Pulte got exactly what it asked for in the state court (arbitration of all claims), Pulte apparently does not like the outcome and now asks the federal courts to intervene and essentially "undo" what it asked the state court to do, compel arbitration. The law does not allow Pulte the avenue of redress it now seeks. "A claim seeking redress for an injury

caused by the state-court decision itself—even if the basis of the claim was not asserted to the state court—asks the federal district court to conduct an appellate review of the state-court decision." *Davani v Va. DOT*, 434 F.3d 712, (4th Cir. Va. 2006). "The doctrine bars 'lower courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably interwined' with the issues that were before the state court.' *Washington v Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Feldman*, 460 U.S. at 486).

An issue is considered 'inextricably intertwined' when it 'was not actually decided by the state court but where success on the…claim depends upon a determination that the state court wrongly decided the issues before it' *Hankins v CarMax, Inc.*, 2012 U.S. Dist. LEXIS 4612, 2012 WL 113824 (D. Md.Jan. 13, 2012) citing *Brown & Root, Inc. v Breckenridge,* 211 F.3d 194, 198 (4th Cir. 2000) (quoted in *Washington,* 407 F.3D at 279). All claims, including class claims, are now before the arbitrator. Pulte is requesting the district court to intervene in the nature of the claims to be heard by the arbitrator. "A state court orders the same relief sought by the plaintiffs in a parallel federal action, there is no longer a live controversy and the parallel federal claim is moot." *Friedman's* citing *Simpson v Camper,* 974 F.2d 1030, 1041 (8th Cir. 1992) (case was moot where state court granted "precisely the same relief" that was requested in federal action); *People by Abrams v Seneci,* 817 F.2d 1015, 1017 (2d Cir. 1987) (claim dismissed where

separate state court action provided all relief requested in federal action). These issues have been decided by the state courts, the matter is before the arbitrator, and this action is moot. Yet again, based on lack of jurisdiction pursuant to the *D.C. Court of Appeals v Feldman*, 460 U.S. 482 (U.S. 1982), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (U.S. 1923), the Petition and Complaint must be dismissed.

## AS TO PULTE'S SUBSTANTIVE ARGUMENT

## THE QUESTION OF CLASS ARBITRATION IN THIS INSTANCE IS FOR THE ARBITRATOR

The present case does not involve a challenge to the enforceability of an arbitration agreement. That issue was submitted by Pulte, to the South Carolina Court of Appeals, which found the agreement between the parties to be in effect and enforceable in its entirety. The issue here is one of contract interpretation as to the form of the arbitration proceeding. Pulte asserts that the scope of the arbitration agreement that it drafted (to include a choice of law provision) is now a question of substantive federal law. It is not.

In its filing to this court, Pulte states that arbitration is a matter of consent and, therefore, an arbitrator must resolve "only those disputes that the parties have agreed to arbitrate." There is no question that Pulte agreed to arbitrate this dispute. In fact, Pulte has asserted in its state court filings that the issue is a matter for the state court, and that South Carolina precedent is clear that in determining whether an agreement to arbitrate exists, "the court should apply 'ordinary <u>state</u> <u>law</u>

principles that govern the formation of contracts.'" *Towles v United Healthcare Corp.,* 338 S.C.29, 524 S.E.2d 839 (Ct. App. 1999). (DE 1-7)

Pulte goes on to assert that any doubts as to the scope of arbitrable issues should be resolved in favor of arbitration. (JA 0007 Pulte's position is wholly with consistent with the South Carolina Supreme Court which recently stated:

> We observe at the outset that it is the policy of this state to favor the arbitration of disputes. *Toler's Cove Homeowners Ass'n, Inc. v Trident Const. Co., Inc.,* 355 S.C. 605, 612, 586 S.E. 2d 581, 585 (2003). Accordingly, any doubts concerning the scope of arbitrable issues should be resolved in favor of Arbitration. *Zabinski v Bright Acres Assocs.,* 346 S.C. 580, 597, 553 S.E.2d 110, 118 (2001). A motion to compel arbitration made pursuant to an arbitration clause in a written contract should only be denied where the clause is not susceptible to any interpretation which would cover the asserted dispute. *ID. at 597, 553 S.E.2d at 118-119.*

*Grant v Magnolia Manor-Greenwood, Inc.,* 383 S.C. 125, 678 S.E.2d 435, (2009).

The scope of the present arbitration agreement covers the claims alleged by the Carlsons. The arbitration agreement specifically states that it applies to "every controversy or claim arising out of or relating to the Agreement, or the breach thereof…"

The State Court has already ruled that the parties' agreement to arbitrate is clear, that the agreement is enforceable, and that the arbitration clauses cover the

parties' substantive claims. Any remaining questions are left to the arbitrator.[3] *See Green Tree Fin. Corp. v Bazzle,* 539 U.S. 444 (2003) (distinguishing questions pertaining to whether a party agreed to arbitrate a matter from the "kind of proceeding" they may have agreed to). The State Court having already made these initial determinations, interpreting the provisions of the arbitration agreement to determine whether it allows for class arbitration is a matter within the arbitrator's competence. *Howsam v Dean Witter Reynolds, Inc., 537 U.S. 79,84 (2002)*(noting that "procedural" questions are presumptively for the arbitrator to resolve); *Vilches v The Travelers Companies, Inc.,* 413 Fed. Appx. at 491-92 (viewing the availability of class arbitrability as a procedural question for the arbitrator to resolve).

As has been noted by several courts, this view is wholly consistent with Supreme Court precedent explaining that, in the face of a valid agreement to arbitrate, it will be the rare question that must be decided by the Court. For

---

[3] Pulte argues that somehow *Stolt-Nielsen SA v AnimalFeeds Int'l Corp.,* 559 U.S. 662(2010) and *AT&T Mobility LLC v Concepcion*, 131 S.Ct. 1740(2011) demonstrate that the Supreme Court has "flagged" the "who decides" question as a likely (emphasis added)  question of arbitability. Whether that is an accurate analysis of those cases of not, neither has specific applicability here as Pulte, by drafting its own arbitration agreement (which includes a choice of law provision and has a broad scope of applicability) renders any question about the arbitrator'a choice of law provision and has a broad scope of applicability) renders any question about the arbitrator's authority moot in this court. The scope of that authority and the scope of the arbitration is squarely in the hands of the arbitrator. The agreement itself refers to "every controversy or claim", unlike *Stolt-Nielsen* where there was a stipulaton that does not exist here.

example, the Supreme Court has characterized questions of arbitrability as a "narrow" and "limited" exception to the general policy in favor of arbitration of disputes. *Bazzle,* 539 U.S. at 452*; see also Howsam*, 537 U.S. at 83-84 (explaining that "questions of  arbitrability" should not be read so broadly as to include "any potentially dispositive gateway question" merely because "its answer will determine whether the underlying controversy will proceed to arbitration on the merits").  Such statements demonstrate that courts should be and are reluctant to expand the categories of "questions of arbitrability" beyond the limits identified by the Supreme Court. Moreover, further counseling against such as expansion is the general policy in favor or arbitration, a policy which is "beyond dispute" according to the Supreme Court, and the objective of arbitration in achieving streamlined proceedings and expeditious results. *A2P SMS Antitrust Litigation*, No. 12-CV-2656 (S.D.N.Y. May 29, 2014);  *AT&T Mobility, LLC v Concepcion,* 131 S.Ct. at 1749*; see also Howsam,* 537 U.S. at 83*; Planet Beach Franchising Corp.,* 2013 U.S. Dist. LEXIS 121908, at 29-30*, 2013 WL 4547058.  Removing an issue from consideration by the arbitrator and assigning it to the courts to address through relatively formal procedures and multi-layered review runs counter to this policy. *See also Moses H. Cone Mem'l Hosp. v Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should

be resolved in favor or arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.")[4]

The question of "what kind of arbitration proceedings" are required under the arbitration clause is not a gateway issue for a court to decide. *Davis v ECPI,* No. 05-2122 (4th Cir. 2007)*, Green Tree Fin. Corp v Bazzle,* 539 U.S. 444, 452, 123 S.Ct. 2402, 156 L.Ed 2d 414 (2003). Once it is clear that the parties agreed to arbitration, the validity and meaning of particular provisions within the arbitration clause are for the arbitrator to determine. *Employers Inc. co. v Wausau v Century Indem. Co.* 443 F.3d 573, 578 *(7th Cir. 2006) (holding that arbitrator should decide whether arbitration clause permits consolidated proceedings); Ciago v Ameriquest*

---

[4] Pulte's entire argument before this court is based on the premise that O*palinski v Robert Half International, Inc.,* 761 F.3d 326 (3d Cir. 2014), *cert denied,* U.S., 135 S. Ct. 1530 (2015) and *Reed Elsevier, Inc. v Crockett,* 734 F.3d 594 (6th Cir. 2013), *cert. denied,* U.S., 134 S.Ct. 2291 (2014) control. Beyond the fact that both arise from foreign circuits, the facts of both cases are plainly distinguishable in a way that renders each case of no guidance or persuasion. Here, Pulte drafted an arbitration agreement that calls for all claims to be arbitrated. It moved for arbitration in a case where class claims were pending and at no time objected to such claims being included as the case moved to arbitration. At no time did Pulte ever suggest to any state tribunal that the scope of the arbitration it was seeking was a question for the court, any court. Not only did Pulte agree to arbitrate its claim with the Carlsons, it agreed to arbitrate all claims. Importantly Pulte agreed to arbitrate the same claims all other purchasers in Sun City might have as well because each of them also has an arbitration provision in their contract of purchase. Pulte has agreed to arbitrate as many claims as there are, including the one class action now before the arbitrator. Plainly this distinguishes *Carlson* from *Opalinski* and *Reed-Elsevier* to the extent such a distraction is necessary for fee adjudication of this claim.

*Mortg.* 254 Co. 295 F.Supp 2d 324 (S.D.N.Y.2003) (holding that unconscionability challenge to forum selection provision within arbitration clause was not a gateway issue).   The core point of *Bazzle*, is that the scope of questions that pertain to arbitrability is limited, and that the question of class arbitration pertains to the procedures to be employed at arbitration, not whether an arbitration is permissible, or mandated, in the first instance. Accordingly, Pulte's Appeal should be affirmed.

## CONCLUSION

For the reasons stated herein, Pulte's Petition to the District Court fails to meet any jurisdictional test and therefore this appeal must be dismissed for lack of subject matter jurisdiction.   In the alternative, because this matter is properly before an arbitrator, the District Court's dismissal of Pulte's Petition should be dismissed and this matter compelled to the ongoing Arbitration proceeding.

## STATEMENT REGARDING ORAL ARGUMENT

Below signed counsel believes that oral argument would be of help in ruling on this matter and would welcome the opportunity to appear before tis Court if requested.

Respectfully submitted,

/s/Michael S. Seekings
W. Jefferson Leath, Jr.
Michael S. Seekings
Leath Bouch & Seekings, LLP
92 Broad Street
Charleston, SC

24

Phillip W. Segui, Jr.
Amanda Blundy
864 Lowcountry Blvd., Suite A
Mount Pleasant, SC  29464

Counsel for the Appellees

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 5,927 words, excluding the parts of

the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32

(a)(5) and the type style requirements of  Fed. R. App. P. 32(a)(6) because

this brief has been prepared using a proportionally spaced typeface using

Microsoft Word  in 14-point, Times New Roman font.

<u>/s/Michael S. Seekings</u>
W. Jefferson Leath, Jr.
Michael S. Seekings
Leath Bouch & Seekings, LLP
92 Broad Street
Charleston, SC

Phillip W. Segui, Jr.
Amanda Blundy
864 Lowcountry Blvd., Suite A
Mount Pleasant, SC  29464

Counsel for the Appellees

25

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I have this 29th day of June, 2015, filed the required copies of the foregoing Response Brief of Appellee with the Clerk of the Court via hand delivery and electronically using the CM/ECF system which will send notification of such filing to opposing counsel as follows:

Robert L. Widener
McNair Law Firm, P.A.
P.O, Box 11390
Columbia, SC 29211
(803) 799-9800

A. Victor Rawl, Jr.
Henry W. Frampton, IV
McNair Law Firm   tc3-, P.A.
P.O. Box 1431
Charleston, SC 29401
(843) 723-783

*Counsel for Appellants*

                    <u>/s/Michael S. Seekings</u>
                    W. Jefferson Leath, Jr.
                    Michael S. Seekings
                    Leath Bouch & Seekings, LLP
                    92 Broad Street
                    Charleston, SC

                    Phillip W. Segui, Jr.
                    Amanda Blundy
                    864 Lowcountry Blvd., Suite A
                    Mount Pleasant, SC  29464

                    Counsel for the Appellees